**United States Bankruptcy Court**
**Middle District of Georgia, Columbus Division**

**IN RE:**
**Rivera, Albert & Rivera, Migdalia**
Debtor(s)

Case No. **16-40639**
Chapter **13**

# AMENDED CHAPTER 13 PLAN

1. The future earnings of the debtor(s) are submitted to the supervision and control of the trustee and the debtor(s) (or the debtor's(s') employer) shall pay to the trustee the sum of $ **520.00** **[ ]** weekly **[ ]** bi-weekly **[ ]** semi-monthly **[X]** monthly. (If the payments change over time include the following.)

2. From the payments so received, the trustee shall make disbursements as follows:

(a) The trustee percentage fee as set by the United States Trustee.

(b) The monthly payments will be made on the following long-term debts: (Payments which become due after the filing of the petition but before the month of the first payment designated here will be added to the pre-petition arrearage claim.)

| Name of Creditor | Month of First Payment Under Plan | Monthly Payment Amount |
|---|---|---|
| **None** | | |

(c) Pre-confirmation adequate protection payments will be made to the following secured creditors and holders of executory contracts after the filing of a proof of claim by the creditor. These payments will be applied to reduce the principal of the claim.

| Name of Creditor | Adequate Protection Amount |
|---|---|
| **Santander Consumer USA** | **108.00** |

(d) The following claims are not subject to cram down because debts are secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. *See § 1325(a)*

| Name of Creditor | Amount Due | Interest Rate | Collateral | Monthly Payment |
|---|---|---|---|---|
| **Santander Consumer USA** | **10,870.81** | **5.25** | **2008 Chrysler Town & Country** | **320.00** |

(e) After confirmation of the plan, the secured creditors with allowed claims will be paid as follows:

| Name of Creditor | Amount Due | Value | Interest Rate | Collateral | Monthly Payment Amount |
|---|---|---|---|---|---|
| **Belmont Finance LLC** | **2,664.00** | **1,500.00** | **4.25** | **vacuum cleaner** | **75.00** |
| **Springleaf Financial S** | **4,980.00** | **3,000.00** | **4.25** | **Storage Building** | **85.00** |

(f) *Attorney fees ordered pursuant to 11 U.S.C. § 507(a)(2) of $ **3,000.00** to be paid as follows:

| | Monthly Payment Amount |
|---|---|
| Pursuant to the Administrative Order on Attorney Fee Awards | **Pursuant to the Administrative Order** |

(g) After the above are paid, distributions will be made to cure arrearages and other secured debts whose claims are duly proven and allowed as follows.

| Name of Creditor | Estimated Amount Due | Value | Interest Rate | Collateral |
|---|---|---|---|---|
| **None** | | | | |

(h) The following collateral is surrendered to the creditor:

| Name of Creditor | Description of Collateral |
|---|---|
| **None** | |

(i) The following domestic support obligations will be paid over the life of the plan as follows: (These payments will not be made simultaneously with payment of the secured debt and will not include interest at the rate of ________________%. (If this is left blank, no interest will be paid.)

| Name of Creditor | Payment Amount |
|---|---|
| **None** | |

(j) The following unsecured claims are classified to be paid at 100%. These payments will not be made simultaneously with payment of the secured debt:
**None**

(k) All other 11 U.S.C. § 507 priority claims, unless already listed under 2(g), will be paid in full over the life of the plan as funds become available in the order specified by law.

(l) The debtor(s) will be the disbursing agent on the following debts:
**Homebridge Financial I**

(m) Special provisions:
**None**

(n) Debtor(s) will make payments that will meet all of the following parameters (these are not cumulative, debtors will pay the highest of the three)

(i) Debtor will pay all of his disposable income as shown on Form B22C of $ **0.00** to the non priority unsecured creditors in order to be eligible for a discharge.

(ii) If the debtor filed a Chapter 7 case, the priority and other unsecured creditors would receive $ **0.00**. Debtor will pay this amount to the priority and other unsecured creditors in order to be eligible for discharge in this case.

(iii) The debtor will pay $ **0.00** to the general unsecured creditors to be distributed prorata.

(o) General unsecured creditors whose claims are duly proven and allowed will be paid (choose one only)

(a) **0**% dividend as long as this dividend exceeds the highest amount, if any, shown in paragraph (n)(i), (n)(ii), or (n)(iii), and the debtor pays in at least 36 monthly payments to be eligible for discharge.

(b) the debtor(s) will make payments for __ months and anticipate a dividend of **0.00**%, but will also exceed the highest amount shown in paragraph (n)(i), (n)(ii), or (n)(iii) above.

(p) Unless otherwise ordered by the court, all property of the estate, whether in the possession of the trustee or the debtor, remains property of the estate subject to the court's jurisdiction, notwithstanding §1327(b), except as otherwise provided in paragraph (m) above. Property of the estate not paid to the trustee shall remain in the possession of the debtor. All property in the possession and control of the debtor at the time of confirmation shall be insured by the debtor. The chapter13 Trustee will not and is not required to insure such property and has no liability for injury to any person, damage or loss to any such property in possession and control of the debtor or other property affected by property in possession and control of the debtor.

(q) Notwithstanding the proposed treatment or classification of any claim in the plan confirmed in this case, all lien avoidance actions or litigation involving the validity of liens, or preference action will be reserved and can be pursued after confirmation of the plan. Successful lien avoidance or preference actions will be grounds for modification of the plan.

Dated: **October 18, 2016**

*/s/ Albert Rivera*
Debtor
*/s/ Migdalia Rivera*
Debtor

*If debtor's attorney wishes to be paid according to the Court's administrative order on attorney's fees include the phrase "pay according to the administrative order" in the blank space and make no other payment provision.

**DO *NOT* MAKE CHANGES TO THIS FORM! IF YOU WISH TO DEVIATE FROM THE STANDARD FORM PLAN SUMMARIZE THOSE IN THE SPECIAL PROVISIONS SECTION.**

**Explanation of Paragraph n:**

The purpose of this paragraph is to allow the debtor to specify dollar amounts that should go to unsecured creditors: (i) and (ii) are those required by law, (iii) is an optional dividend. Many debtors will fill in all the blanks with zeros because their circumstances do not require any distribution to the unsecured creditors.

Paragraph (i). The blank in this paragraph should be 60 times the amount shown on line 59 of the B22C. If the debtor is below the median income, this figure should be zero. If result shown on line 59 of form B22C is zero, or below, this blank should be completed with a zero.

Paragraph (ii) The blank should contain the dollar amount that would be distributed to priority and other unsecured creditors had the debtor filed a Chapter 7. If the debtor has no nonexempt property, this blank should be completed with a zero.

Paragraph (iii) is in the plan to allow the debtor who wants to pay a dollar amount to the unsecured creditors for reasons other than disposable income or the potential sale of nonexempt property. For example, a debtor wants to retain a third vehicle which is not necessary. He can propose a dividend equal to the value of the unnecessary vehicle here.

The figures in these three paragraphs will not be added together. The highest number will govern. For example, a debtor may have $10,000 in nonexempt assets but have $30,000 in disposable income. The $30,000 should appear in paragraph (a) and the $10,000 in paragraph (b). Debtor's plan will be reported as completed when the $30,000 is paid to the unsecured creditors.

**Explanation of Paragraph o:**

You may choose to leave this section blank if you intend to pay only the dollar figure listed in paragraph n. If there is no dollar amount listed in paragraph n you should complete either paragraph (a) or paragraph (b), **but not both.**

Paragraph (a) includes the percentage you want to pay to unsecured creditors. If you enter a zero here, the plan still must run for the applicable commitment period for you case, at least 36 months or longer if you have 60 month applicable commitment period. If you enter a percentage, the percentage must pay the figures contained in paragraph n. The debtor is not required to designate a percentage, but some debtors prefer to do so.

Paragraph (b) allows a debtor to put in a term. If a term is designated, the debtor will be required to make the monthly payment multiplied by the term before the plan is considered completed. If a term is designated, the debtor must also estimate the dividend to unsecured creditors. This will allow creditors to know whether there is an expected dividend to the unsecured creditors and can decide whether to file a proof of claim. If the estimated dividend is shown as zero, but it is clear there will be a meaningful distribution to unsecured creditors, my office will object and request a modification be filed that alerts the creditor to a potential distribution. All 60 month/5 year commitment period cases must have a term of at least 57 months or the trustee will object to the plan.

The term should be no less than 36 months. The term must also result in the distribution to unsecured creditors as put forth in paragraph n.